UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                   :

UNITED STATES OF AMERICA         :

                                   :

         - v. -            :    22 Cr. 397 (RMB)

                                   :

STEPHEN BUYER,            :

                                   :

         Defendant.      :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## **JOINT REQUESTS TO CHARGE**

<table>
<tr><td>BUCKLEY LLP</td><td>DAMIAN WILLIAMS</td></tr>
<tr><td>1133 Avenue of the Americas</td><td>United States Attorney for the</td></tr>
<tr><td>New York, NY 10036</td><td>Southern District of New York</td></tr>
<tr><td></td><td></td></tr>
<tr><td>Daniel R. Alonso</td><td>Jordan Estes</td></tr>
<tr><td>Henry W. Asbill</td><td>Kiersten A. Fletcher</td></tr>
<tr><td>Olivia A. Rauh</td><td>Margaret Graham</td></tr>
<tr><td>*Counsel for Defendant Stephen Buyer*</td><td>Assistant United States Attorneys</td></tr>
<tr><td></td><td>*-Of Counsel-*</td></tr>
</table>

**INTRODUCTION**

The parties respectfully submit their requests to charge the jury. Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully submit the following proposed jury instructions. Where the parties disagree as to particular instructions, the Government's proposed language is indicated in **blue**, and the defendant's proposed language is indicated in **green**. Any argument about particular instructions is presented in footnotes, using **blue** for the Government and **green** for the defense.

The parties proposed instructions are based principally on Sand, et al., *Modern Federal Jury Instructions* (2022). In addition, some of the Government's proposed instructions are based principally on jury instructions given in recent insider trading cases, namely *United States v. Blakstad*, 19 Cr. 486 (PAE) (S.D.N.Y. 2021) (hereinafter "*Blakstad*"); *United States v. Lavidas*, 19 Cr. 716 (DLC) (S.D.N.Y. 2020) (hereinafter "*Lavidas*"); *United States v. Stewart*, S1 15 Cr. 287 (JSR) (S.D.N.Y. 2019) (hereinafter "*Stewart*"); *United States v. Pinto-Thomaz*, S2 18 Cr. 579 (JSR) (S.D.N.Y. 2019) (hereinafter "*Pinto-Thomaz*"); *United States v. Chow*, No. 17 Cr. 667 (GHW) (S.D.N.Y. 2018) (hereinafter "*Chow*"); *United States v. Walters*, No. S1 16 Cr. 338 (PKC) (S.D.N.Y. 2017) (hereinafter "*Walters*"); *United States v. Riley*, No. 13 Cr. 339 (VEC) (S.D.N.Y. 2014) (hereinafter ("*Riley*"); *United States v. Martoma*, No. 12 Cr. 973 (PGG) (S.D.N.Y. 2014) (hereinafter "*Martoma*"); *United States v. Whitman*, No. 12 Cr. 125 (JSR) (S.D.N.Y. 2012) (hereinafter "*Whitman*"); *United States v. Gupta*, No. 11 Cr. 907 (JSR) (S.D.N.Y. 2012) (hereinafter "*Gupta*"); and *United States v. Goffer et al.*, No. S1 10 Cr. 56 (RJS) (S.D.N.Y. 2011) (hereinafter "*Goffer*").

# TABLE OF CONTENTS

**GENERAL INSTRUCTIONS** ...................................................................................- 4 -

    The Court's Usual Instructions ...........................................................................- 4 -


**THE CHARGES** ........................................................................................................- 5 -

    Summary of the Indictment ................................................................................- 5 -

    Title 15 Securities Fraud ...................................................................................- 6 -

    The First Element: The Insider Trading Scheme .............................................- 10 -

    The Second Element: State of Mind .................................................................- 17 -

    The Third Element: Interstate Commerce .........................................................- 19 -

    Title 18 Securities Fraud ...................................................................................- 21 -

    The First Element: Scheme to Defraud .............................................................- 23 -

    The Second Element: Criminal Intent ...............................................................- 27 -

    The Third Element: Nexus to the Purchase or Sale of Securities ......................- 30 -

    Aiding and Abetting ..........................................................................................- 31 -

    Venue ................................................................................................................- 34 -

    Variance in Dates and Amounts ........................................................................- 35 -


**WITNESSES** ...........................................................................................................- 37 -

    Defendant's Testimony [or Defendant's Right Not to Testify] .........................- 37 -

    Preparation of Witnesses ...................................................................................- 38 -

    Law Enforcement and Government Employee Witnesses ..................................- 39 -

    Uncalled Witnesses – Equally Available ..........................................................- 41 -

    Expert Witnesses ..............................................................................................- 42 -

    Non-Prosecution Agreement with Government Witness ....................................- 43 -


**OTHER EVIDENCE** ...............................................................................................- 44 -

    Summary Charts ................................................................................................- 44 -

    Stipulations of Testimony .................................................................................- 45 -

    Stipulations of Fact ...........................................................................................- 46 -

    Particular Investigative Techniques Not Required ............................................- 47 -

Defendant's Reputation .......................................................................................- 48 -

Opinion of Defendant's Character ........................................................................- 49 -

Cross-Examination of Witness on Defendant's Character .................................- 50 -

Impeachment of Reputation Testimony................................................................- 51 -

Opinion as to Character of Witness to Impeach Another Witness's Credibility .................- 52 -

**CONCLUSION** ......................................................................................................**- 53 -**

## GENERAL INSTRUCTIONS

### REQUEST NO. 1

### The Court's Usual Instructions

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Duties and Roles of the Court and Jury

b.  Presumption of Innocence and Burden of Proof

c.  Reasonable Doubt

d.  Direct and Circumstantial Evidence

e.  Witness Credibility

f.  Indictment not Evidence

g.  Statements of Court and Counsel not Evidence

h.  Government Treated Like Any Other Party

i.  Interest in Outcome

j.  Sympathy:  Oath as Jurors

k.  Punishment Is Not to Be Considered by the Jury

l.  Selection of Foreperson; Right to See Exhibits and Hear Testimony During Deliberations; Communications with the Court

m.  Verdict; Need for Unanimity; Duty to Consult

The defendant defers to the Court's usual instructions but asks the Court's permission to object or suggest modifications once the draft instructions are provided to the parties.

## THE CHARGES

## REQUEST NO. 2

## Summary of the Indictment

The defendant, Stephen Buyer, has been formally charged in an Indictment. The Indictment contains four counts, or charges. In a few moments, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count.

The Indictment in this case is not evidence. It merely describes the charges made against the defendant. It is a set of accusations. It may not be considered by you as evidence of the defendant's guilt. Only the evidence or lack of evidence introduced at the trial in this case decides that issue.

Counts One and Two of the Indictment charge the defendant with committing securities fraud through insider trading by misappropriating inside information from T-Mobile and using that information to buy securities in Sprint in 2018. Counts Three and Four of the Indictment charge the defendant with committing securities fraud through insider trading by misappropriating inside information from Guidehouse and using that information to buy securities in Navigant Consulting in 2019.

> *See Lavidas*; *Pinto-Thomaz*; *Stewart*; *Chow*; *Walters*; *Riley*; *Whitman*; *Gupta*.

## REQUEST NO. 3

### <u>Title 15 Securities Fraud</u>

Let us turn first to Counts One and Three.  Counts One and Three charge that the defendant engaged in insider trading in violation of Sections 32 and 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5.  For short, I will refer to the Securities Exchange Act of 1934 as the "Exchange Act."

Section 10(b) of the Exchange Act and Rule 10b-5 prohibit the use of any deceptive device in connection with the purchase or sale of securities. Section 10(b) states, in pertinent part: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange -- to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest and for the protection of investors."

Rule 10b-5, in turn, provides in pertinent part: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or to engage in any act, practice,  or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any securities."

Section 32 of the Exchange Act attaches criminal liability to willful violations of Section 10(b) and Rule 10b-5.

Counts One and Three also charge the crimes of aiding and abetting and willfully causing the commission of insider trading. Later, I will instruct you on those crimes. **(if applicable)**[1]

Count One charges the defendant with trading based on material non-public information in violation of a duty of trust and confidence that he is alleged to have owed to T-Mobile, in connection with the following securities transactions on or about the following dates:

the purchase of 20,000 shares of Sprint stock on March 29, 2018;

the purchase of an additional 20,000 shares of Sprint stock on March 29, 2018;

the purchase of 2,675 shares of Sprint stock on March 29, 2018;

the purchase of 10,000 shares of Sprint stock on April 3, 2018; and

the purchase of 60,000 shares of Sprint stock on April 5, 2018.

Count Three charges the defendant with trading based on material non-public information in violation of a duty of trust and confidence that he is alleged to have owed to Guidehouse, in connection with the following securities transactions on or about the following dates:

the purchase of 28,300 shares of Navigant stock on June 13, 2019;

the purchase of 825 shares of Navigant stock on June 21, 2019;

the purchase of 3,980 shares of Navigant stock on June 25, 2019;

the purchase of 129 shares of Navigant stock on July 9, 2019;

the purchase of 2,000 shares of Navigant stock on July 10, 2019;

---

[1] **The Government charged aiding and abetting and willfully causing in the Indictment and submits that this charge is appropriate. Although the indictment cites to 18 U.S.C. § 2, we do not believe the Government will present evidence that Mr. Buyer acted through accomplices. If it does, then these charges would be appropriate.**

the purchase of 3,700 shares of Navigant stock on July 19, 2019;

the purchase of 2,700 shares of Navigant stock on July 26, 2019; and

the purchase of 5,020 shares of Navigant stock on August 1, 2019.

In order to find that the defendant is guilty of the crimes charged in Counts One and Three, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that in connection with the purchase or sale of a security, the defendant employed a device, scheme, or artifice to defraud, **or made an untrue statement of a material fact**[2] or omitted to state a material fact that made what was said, under the circumstances, misleading, or engaged in an act, practice, or course of business that operated, or would operate, as fraud or deceit upon a purchaser or seller of the specified security;

Second, that when he engaged in this scheme, the defendant acted knowingly, willfully, and with an intent to defraud; and

Third, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange, in furtherance of the fraudulent conduct.

I will say a few words about each of these elements as applied to specific charges in Counts One and Three. But please note that while the Indictment refers to various specific dates and amounts of stock, the law only requires a substantial similarity between the dates and amounts alleged and those established by the evidence.

---

[2] **The Government's theory of the case is not premised on untrue statements of material fact, and accordingly, the Government submits that this language is unnecessary and could confuse the jury. Counts One and Three plainly charge the defendant with "making and causing to be made untrue statements of material fact…."**

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-20; *Lavidas*; *Pinto-Thomaz*; *Stewart* I; *Chow*; *Walters*; *Riley*; *Goffer*.

**REQUEST NO. 4**

**Title 15 Securities Fraud**

**The First Element: The Insider Trading Scheme**

A few words about the first element: the employment of a scheme, device, or artifice to defraud. The specific device, scheme, or artifice to defraud, or act, practice, or course of business that the Government alleges the defendant employed in connection with Counts One and Three is known as insider trading.

For purposes of these charges, an insider is a person who possesses material, nonpublic information about a publicly-traded company by virtue of a relationship that involves trust and confidence. **When** / **if** a person has such "inside information" and his position of trust and confidence prevents him from disclosing that information, the law forbids him from **buying or selling** / **using this inside information to buy or sell**[3] the securities in question.

Insider trading may occur when a person misappropriates material, confidential information and then trades in securities in breach of the duty of confidentiality he or she owes to the source of that information. That person's undisclosed, self-serving use of confidential

---

[3] **The Government's proposed language for this sentence tracks the language in Sand, *Modern Federal Jury Instructions*, Instr. 57-23. *See also United States v. Royer*, 549 F.3d 886 (2d Cir.2008) (insider trading occurs where defendants traded while in "knowing possession" of nonpublic information material to those trades); 17 C.F.R. § 240.10b5–1(b) ("[A] purchase or sale of a security of an issuer is 'on the basis of' material nonpublic information about that security or issuer if the person making the purchase or sale was aware of the material nonpublic information when the person made the purchase or sale."). The indictment accuses Mr. Buyer of both misappropriating and *using* material, non-public information: "STEPHEN BUYER, the defendant, misappropriated material, non-public information ("MNPI") that he learned as a consultant *and used that MNPI* to place timely, profitable securities trades…." (Ind. ¶ 2) (emphasis added). The proposed instruction merely requires the Government to prove what it has alleged.**

information to purchase or sell securities in breach of the duty of loyalty and confidentiality defrauds the principal of the exclusive use of that information.

This is true whether the insider uses the inside information to trade in the securities of the company in which he is an insider, or to trade in the securities of another company.

Persons who are corporate officers, directors and controlling shareholders are considered "insiders" for purposes of this rule.  In addition, a person will be deemed an "insider" for these purposes if the government establishes that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit.  Thus, it is the confidential nature of the relationship that determines whether a person is an insider, and not merely the title he holds.

Under the circumstances of this case, involving a consultant, if you find that the defendant became involved in the conduct of the business of the company and gained access to material confidential information while acting in that capacity, you may find that he was an "insider" and therefore owed a duty to the company not to benefit from the use of the material confidential information.

I will explain the elements as to Count One and Count Three separately, to avoid confusion.

In order to find that the Government has established the first element of Count One, you must answer each of the following questions "yes":

Did the Government prove, beyond a reasonable doubt:

One, that the defendant had a relationship of trust and confidence with T-Mobile;

- 11 -

<u>Two</u>, that the defendant violated his duty of trust and confidence by using material, non-public information that he **wrongfully**[4] obtained, or misappropriated, by virtue of his relationship with T-Mobile to trade Sprint securities for his personal benefit.

In order to find that the Government has established the first element of Count Three, you must answer each of the following questions "yes":

Did the Government prove, beyond a reasonable doubt:

<u>One</u>, that the defendant had a relationship of trust and confidence with Guidehouse;

<u>Two</u>, that the defendant violated his duty of trust and confidence by using material, non-public information that he **wrongfully**[5] obtained, or misappropriated, by virtue of his relationship with Guidehouse to trade Navigant securities for his personal benefit.

To answer the first question, concerning the existence of a relationship of trust and confidence, you must look to all of the facts and circumstances and ask whether both the defendant and the company for which he consulted recognized that their relationship involved trust and confidence. The Government must show that the defendant was expected to keep the material information confidential, or at least that the relationship implied such a duty. In this regard, you

---

[4] **The Court should reject the defendant's insertion of the word "wrongfully." With respect to each insider trading scheme, the defendant was a consultant for a company and learned inside information during the course of his consulting work. There was nothing improper about *obtaining* the information. However, because of his duty of trust and confidence to each company, he had an obligation to refrain from *trading* on the information. The defendant's insertion of the word wrongfully should thus be rejected. The defense urges the Court to maintain "wrongfully"—which is clearly warranted in the context of the entire instruction, which requires that the defendant have a special relationship with the company. Moreover, without the word "wrongfully," the sentence would equate merely "obtain[ing]" with "misappropriate[ing]," which would confuse the jury.**

[5] **The Government objects to these insertions for the same reasons described in footnote 4. The defense disagrees, for the reasons cited in footnote 4.**

are instructed that a mere working relationship is not sufficient to satisfy this element by imposing insider status on the defendant. In order for the defendant to be an insider, the nature of the relationship must be one of trust and confidence.

The mere possession of non-public or "inside" information does not impose any duty on the defendant to disclose before trading or refrain from trading.  Such a duty only exists if you find, as I have just explained, that the defendant owed a duty of trust and confidence to the source of the information.  It is the breach of that duty that provides the basis for the government's charge that the defendant unlawfully engaged in a device, scheme or artifice to defraud by trading on material non-public information.

As to the second question, information is material if a reasonable investor would consider it important in deciding whether to buy, sell, or hold securities, and at what price to buy or sell the securities.  Stated in another way, information is "material" if a reasonable investor would have viewed the information as having significantly altered the total mix of information then available. **Material facts include those which may affect the desire of investors to buy, sell, or hold a company's securities.**[6]  Material information includes any fact which, viewed objectively, might affect the value of the corporation's stock or other securities.  Materiality of the information is judged as of the time the information was misappropriated.

**With respect to speculative information or events, like the possibility of a merger, the materiality inquiry will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of**

---

[6] **This language should be included because it is an accurate statement of the law, as set forth in *SEC v. Mayhew,* 121 F.3d 44, 52 (2d Cir. 1997).**

**the totality of the company activity.  Merger discussions, in particular, can become material at an earlier stage because a merger when a company is bought out is the most important event that can occur in a small corporation's life.**[7] **However, information obtained is not material where it is so general that the recipient thereof is still undertaking a substantial economic risk that his tempting target will prove to be a white elephant.**[8]

Information is non-public if, at the time it was misappropriated, it was not available to the public through such sources as press releases, trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other similar sources.  In evaluating what information a company has treated as confidential, you may consider written company policies, contracts, measures the company has taken to guard the information's secrecy, the extent (if any) to which the information has already been disclosed to outsiders, and any other relevant facts and circumstances.  **Note that the fact that information has not appeared in a newspaper or other**

---

[7] **The Court should include the Government's proposed language, from the Supreme Court's decision in *Basic Inc. v. Levinson*, 485 U.S. 224 (1998), regarding merger discussions.  There, the Court made clear that with respect to speculative information or events, like the possibility of a merger, the materiality inquiry "will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity." *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1998).  Merger discussions, in particular, "can become material at an earlier stage" because a merger when a company is bought out "is the most important event that can occur in a small corporation's life." *Id.* at 239 (quoting *SEC v. Geon Indus.*, 531 F.2d 39, 47-48 (2d Cir. 1976)).  Here, the inside information with respect to both insider trading schemes related to merger information. The Government's proposal on this point should be included because it is an accurate statement of the law and is directly relevant to the expected evidence in this case.**

[8] **This language should be included because it is an accurate statement of the law, as set forth in *SEC v. Mayhew*, 121 F.3d 44, 52 (2d Cir. 1997). Indeed, the defense's proposed addition to this paragraph is necessary to balance the Government's proposed language, most of which comes from the same section of the *Mayhew* opinion.**

**widely available public medium does not alone determine whether the information is nonpublic. Sometimes a company is willing to make information available to securities analysts, prospective investors, or members of the press who ask for it even though it may never have appeared in any newspaper publication or other publication. Such information would be public. Accordingly, information is not necessarily nonpublic simply because there has been no formal announcement or because only a few people have been made aware of it.[9]**

**Confirmation by an insider of unconfirmed facts or rumors — even if reported in a newspaper or research report — may itself be inside information.  Information from an insider that is more reliable and specific than unconfirmed facts or public rumors is non-public information despite the existence of such rumors in the media or investment community.  Whether or not the confirmation of a rumor by an insider qualifies as material, non-public information is for you as the jury to decide.[10]**

In considering whether the defendant used the information to trade securities, you need only determine that the information was a factor in the decision to trade – it need not have been the only factor.

As I indicated earlier, the Government must establish each of these factors beyond a reasonable doubt in order for you to determine that the Government has sustained its burden of proof as to the first element on each of Counts One and Three.  If so, you **must** / **may** find the defendant guilty as to that Count.  If, however, the Government has not established that factor

---

[9] **This language is an accurate statement of the law as set forth in *United States v. Contorinis*, 692 F.3d 136, 142 (2d Cir. 2012).**

[10] **This language is an accurate statement of the law as set forth in *United States v. Contorinis*, 692 F.3d 136, 142 (2d Cir. 2012).**

beyond a reasonable doubt, then you must find that the Government did not satisfy its burden of

proof, and you must return a verdict of not guilty as to that count.

> *See* Sand, et al. *Modern Federal Jury Instructions*, Instrs. 57-23, 57-23.1; *Lavidas*; *Pinto-Thomaz*; *Stewart* I; *Walters*; *Stewart*; *Riley*; *Goffer. See also Basic Inc. v. Levinson*, 485 U.S. 224, 238-39 (1998) (description of materiality of merger discussions).

**REQUEST NO. 5**

**Title 15 Securities Fraud**

**The Second Element: State of Mind**

The second element of the substantive **securities fraud** / **insider trading** charges in Counts One and Three relates to the defendant's state of mind. If you find that the Government has met its burden of proving that the defendant engaged in the charged insider-trading scheme — that is, the factor I just explained — the Government must also prove beyond a reasonable doubt that the defendant engaged in the scheme knowingly, willfully, and with an intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

- 17 -

his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of **securities fraud** / **insider trading**. **A person acting in good faith lacks an intent to defraud. A person acts in good faith if he holds an honest belief that his acts were proper and not in furtherance of any unlawful scheme. If a person in good faith does not believe that the information he is conveying is material and nonpublic, then he lacks an intent to defraud. A person who acts on a belief or reason honestly held that turns out to be wrong also lacks an intent to defraud. A good faith belief, however, is not a blind faith belief.** A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

> *See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-24; *Lavidas; Pinto-Thomaz*; *Stewart* I; *Chow*; *Walters*; *Riley*.

**REQUEST NO.6**

**Title 15 Securities Fraud**

**The Third Element: Interstate Commerce**

With respect to Counts One and Three of the Indictment, the third and final element that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, some instrumentality of interstate commerce, such as an interstate telephone call or email, use of the mails, or use of a facility of a national securities exchange, such as a stock trade made on the New York Stock Exchange, in furtherance of the **scheme to defraud or fraudulent conduct**[11] / **insider trading scheme**.

With respect to the term "national securities exchange," it is not disputed that Sprint and Navigant stock are traded through the use of a facility of on a national securities exchange.

It is not necessary that a defendant be directly or personally involved in the use of the instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of an instrumentality of interstate commerce, then you may find that he caused an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

---

[11] **The defense language precisely tracks Sand.**

Nor is it necessary that the use of the instrumentality of interstate commerce regard fraudulent material, or anything criminal or objectionable. The matter mailed, call placed, or stock trade processed may be entirely innocent.

The use of the instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of the instrumentality of interstate commerce, so long as the defendant is still engaged in actions that are a part of a fraudulent scheme.

> *See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-25; *Lavidas*; *Pinto-Thomaz*; *Stewart* I; *Chow*; *Walters*; *Riley*.

**REQUEST NO. 7**

**<u>Title 18 Securities Fraud</u>**

Counts Two and Four of the Indictment charges the defendant with committing securities fraud under Title 18 of the United States Code, Section 1348.  Section 1348 provides, in relevant part, that a person is guilty of the crime of securities fraud if he "knowingly executes, or attempts to execute, a scheme . . . to defraud any person in connection with any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934."

Counts Two and Four also charge the crimes of aiding and abetting and willfully causing the commission of securities fraud.  Later, I will instruct you on those crimes.

In Count Two, the defendant is charged with participating in a scheme from at least on or about March 29, 2018, through at least on or about April 5, 2018, to defraud T-Mobile of confidential information related to T-Mobile's renewed merger discussions with Sprint by improperly converting information entrusted to him for his own use, for the purpose of executing timely, profitable securities transactions in Sprint stock.

In Count Four, the defendant is charged with participating in a scheme from at least on or about June 13, 2019, through at least on or about August 2, 2019, to defraud Guidehouse of confidential information related to Guidehouse's negotiations to acquire Navigant by improperly converting that information to his own use, for the purpose of executing timely, profitable securities transactions in Navigant stock.

It is not necessary for the Government to prove that the scheme lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

In order to find the defendant guilty of the crimes charged in Counts Two and Four, you must find as to each count that the government has proven each of the following elements of the crime beyond a reasonable doubt:

First, that the defendant executed a scheme or artifice to defraud a person or to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that the defendant participated in the scheme knowingly, **willfully, and with intent to defraud**;[12] and

Third, that the scheme to defraud was connected to the purchase or sale of stock in a company whose securities were registered under Section 12 of the Securities Exchange Act of 1934.

> *See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-3, **44-9**; *Lavidas*; *Walters*; *Stewart*; *United States v. Fleishman*, No. 11 Cr. 32 (JSR), Docket Entry No. 129 (Jury Instruction), at 17; *Carpenter v. United States*, 484 U.S. 19, 25 (1987) (intent to defraud in context of mail fraud charge in insider trading case); *United States v. Rios*, No. 91 Cr. 94 (LBS) (S.D.N.Y. 1992).

---

[12] **The statute defines the mens rea for this offense as "knowingly," and accordingly, the Government submits that it is unnecessary to include the additional mens rea requirements inserted by the defendant. Proof of intent to defraud is an element of all fraud statutes, including 18 U.S.C. § 1348.** ***See United States v. Mahaffy,*** **2006 WL 2224518, at \*16 (E.D.N.Y. 2006) (Glasser, J.) ("[P]recedent compels this Court to read into 18 U.S.C. § 1348 the well-established requirement of fraudulent intent, which is requisite to a conviction under the other federal fraud statutes.");** ***aff'd*** **693 F.3d 113, 125 (2d Cir. 2012) (including "fraudulent intent" among elements of § 1348). Although Sand does not yet have a charge for Title 18 securities fraud, section 1348 was directly patterned after Bank Fraud, 18 U.S.C. § 1344, with the operative text being nearly identical, including merely using "knowingly," as section 1348 does. Notwithstanding that, Sand makes clear for Bank Fraud that the government must prove "that the defendant executed or attempted to execute the scheme** ***with the intent to defraud.*** **" Sand, et al.,** ***Modern Federal Jury Instructions,*** **Instr. 44-9 (emphasis added). And the Government's own request to Judge Cote in one of the key cases it cites (***Lavidas***) was "that the defendant participated in the scheme knowingly, willfully, and with an intent to defraud"—precisely what the defense requests here.** ***United States v. Lavidas,*** **No. 19 CR 00716 (DLC), ECF 48 at 21 (S.D.N.Y. Dec. 11, 2019). Not surprisingly, Judge Cote so instructed the jury.** ***Id.,*** **ECF No. 104, at 1018. (requiring proof that defendant "acted knowingly, willfully, and with an intent to defraud" for § 1348 count).**

## REQUEST NO. 8

### Title 18 Securities Fraud

### The First Element: Scheme to Defraud

A "scheme" is merely a plan to accomplish an object.  A "scheme to defraud" exists where an individual engages in any plan, device, or course of action to accomplish a fraudulent objective. "Fraud" is a general term that embraces all efforts and means **that individuals devise to take unfair advantage of others.  It includes fraudulently embezzling or fraudulently converting for one's own use property belonging to another** / **that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.**[13]

**The first element that the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property by means of false or fraudulent pretenses, representations or promises as described in the indictment.  A representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful statements of half truth, the**

---

[13] **The Government submits that its language is more appropriate because it is tailored to the theory of fraud in this case. As alleged in the Indictment, the defendant defrauded the relevant companies by improperly converting information entrusted to him for his own use, i.e. embezzling the information, for the purpose of executing timely stock trades.  The defense language is verbatim from Sand and has been regularly used in this district. The Government's reference to "embezzling" is not mentioned in the indictment, and the reference to taking "unfair advantage of others" could mistakenly be taken to include shareholders, which is not the Government's theory of the case. We urge the Court to adopt Sand here.**

**concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.**[14]

Count Two alleges that the defendant engaged in a scheme to defraud T-Mobile of its confidential information by converting that information to his own use for the purpose of trading Sprint securities. Count Four alleges that the defendant engaged in a scheme to defraud Guidehouse of its confidential information by converting that information to his own use for the purpose of trading Navigant securities.

**I instruct you that "property" includes confidential business information.**/ **I instruct you that confidential business information can be considered to be "property" for purposes of Counts Two and Four.** **Confidential business information can include information that has commercial value and information that could be used by others for profit.** **For example, you may find that material non-public information, as I defined those terms earlier, is "property."**[15] The law protects a company's exclusive right to use and decide how to use confidential information that it has acquired or compiled in the course and conduct of its business.

---

[14] **The Government objects to this instruction because the allegation here is that the information was embezzled, which does not require a false statement.** *See United States v. Blaszczak*, **947 F.3d 19, 36 (2d Cir. 2019) (vacated on other grounds) (noting that "'it is impossible for a person to embezzle the property of another without committing fraud on them'" (quoting** *Grin v. Shine*, **187 U.S. 181, 189 (1902))). The indictment nowhere alleges embezzlement. To the contrary, each count uses the words "fraud" or "defraud" multiple times and refers to the defendant's "fraudulent trading activity." While the 120-year-old Supreme Court case cited indeed opined what is quoted, that does not absolve the Government from proving fraud, as alleged.**

[15] **The Government objects to this formulation, because it suggests that confidential business information may** *not* **always be property, which is contrary to the Supreme Court's statement in** *Carpenter v. United States*, **that "Confidential business information has long been recognized as property." 484 U.S. 19, 26 (1987). This is a question of fact for the jury, which should not be directed by the Court.**

In determining whether information is confidential business information of a company, you may consider the time and resources the business expended in generating and maintaining the confidentiality of the information, including any policies and measures the business has taken to guard the information's secrecy.

**A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[16]**

**The government charges that the schemes alleged in Counts Two and Four of the indictment, which I have already read to you, involves the omission of material information to T-Mobile and Guidehouse while the defendant was under a duty to disclose such information.[17]**

> *See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-4; *Lavidas*; *Blakstad*.

---

[16] **Because the Government's theory does not involve false statements, such an instruction is not appropriate. This is a standard charge in a fraud case. Moreover, the Supreme Court has held that materiality is an element of mail and wire fraud, which means it is an element of Title 18 securities fraud. *Neder v. United States,* 527 U.S. 1, 25 (1999); *see* discussion *supra* n.12 (section 1348 is interpreted in line with mail, wire, and bank fraud).**

[17] **This proposal is inconsistent with the Government's embezzlement theory on the Section 1348 counts and is likely to confuse the jury. Accordingly, the Government requests that it be deleted. Please see the defense arguments in footnotes 13 and 14.**

## REQUEST NO. 9

### Title 18 Securities Fraud

### The Second Element: Criminal Intent

The second element that that the Government must prove with respect to Counts Two and Four is that the defendant participated in the scheme knowingly, **willfully, and with intent to defraud. I have already defined knowingly in connection with the other charges in the Indictment.**[18]

**To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.**

**To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.**

**To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.**[19]

---

[18] **The definition given in Request No. 5 is equally applicable here. To avoid redundancy and make efficient use of the jury's time, the Government submits that the prior definition should simply be referenced here. Because the definition of "intent to defraud" is different for Title 15 Securities Fraud versus Title 18 Securities Fraud, it will be important to read the *mens rea* instructions separately.**

[19] **The statute defines the mens rea for this offense as "knowingly," and accordingly, the Government submits there is no basis to include the additional mens rea requirements inserted by the defendant. There is also no requirement that the scheme be to obtain money or property or "caus[e] some financial loss to another" as suggested by the defendant. *See* 18 U.S.C. § 1348(1); *Loughrin v. United States*, 573 U.S. 351, 365 n.9 (2014). For the reasons stated in footnote 12, the statute clearly requires intent to defraud. The requirement is not to *cause* financial loss but rather that the intent be *for the purpose* of causing such loss. Because section 1348 was "clearly…modeled on the mail and wire fraud statutes," courts are "guided by the numerous and well-established precedents [regarding mail and wire fraud]**

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Additionally, I charge you that good faith is a complete defense to the charges in this case.  If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.  The burden of establishing lack of good faith and criminal intent rests on the

---

in construing this statute." *United States v. Mahaffy,* 2006 WL 2224518, at \*16 (E.D.N.Y. 2006) (Glasser, J.); *see United States v. Blaszczak,* 947 F.3d 19, 36-37 (2d Cir. 2019) (vacated on other grounds) (in context of insider trading case, analyzing wire fraud and section 1348 together). With respect to mail and wire fraud, the required intent to defraud indeed includes an "intent to harm" the victim financially. *United States v. Walker,* 191 F.3d 326, 334 (2d Cir. 1999) (Proof of "the specific intent to harm or defraud the victims of the scheme" is essential element); *accord United States v. Rybicki,* 354 F.3d 124 (2d Cir. 2003) (*en banc*). The language in the proposed instruction is taken verbatim from the Sand Bank Fraud instruction, 44-11. The corresponding Sand wire fraud instruction uses the phrase "financial or property loss to another" rather than just "financial loss." Sand, Instruction 44-5.

**government.  A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.**[20]

> *See Chow*; Sand, et al., *Modern Federal Jury Instructions*, Instrs. 8-1, 44-11.

---

[20] **This language is unnecessary because it is duplicative of the language in Request Number 5. Good faith is a crucial concept, and the defendant should have the benefit of a charge for both of the two theories of insider trading that the Government has charged.**

## REQUEST NO. 10

## **Title 18 Securities Fraud**

## **The Third Element: Nexus to the Purchase or Sale of Securities**

The final element that that the Government must prove with respect to Counts Two and Four is that the scheme to defraud was connected to the purchase or sale of securities of a company with a class of securities registered under the Securities Exchange Act of 1934. A scheme to defraud is "in connection with" a security if you find the alleged conduct "touched upon" a securities transaction.

I instruct you as a matter of law that the stock purchases described in Counts Two and Four are, if established beyond a reasonable doubt, purchases or sales of securities of a company with a class of securities registered under the Securities Exchange Act of 1934.

> *See Lavidas*; *United States v. Harris*, No. 09 Cr. 406 (N.D. Ga. 2011) (ECF Doc. 216); *United States v. Slawson*, No. 14 Cr. 186 (N.D. Ga. 2015) (ECF Doc. 118).

**REQUEST NO. 11**

**Aiding and Abetting**

Now, in addition to charging the defendant with substantive counts of Title 15 securities fraud and Title 18 securities fraud, all of the substantive counts I have instructed you on today also charge the defendant with what is called aiding and abetting.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.[21]  A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it.

You may thus find a defendant guilty if you find beyond a reasonable doubt that the Government has proven that someone committed the substantive offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue.  The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

---

[21] This language should be included because it is an accurate statement of the law.  *See* Sand, *Modern Federal Jury Instructions*, Instr. 11-2.  Although the indictment cites to 18 U.S.C. § 2, we do not believe the Government will present evidence that Mr. Buyer acted through accomplices. If it does, then these charges would be appropriate.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed.  In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did the defendant participate in the crime charged as something that he wished to bring about?

Did he associate himself with the attempt to commit the crime by other people knowingly and willfully?

Did he seek by his actions to make their criminal venture succeed?

**If so, the defendant is an aider and abettor, and you may therefore find him guilty of the offense under consideration.  If not, then he is not an aider and abettor, and you must find him not guilty of the offense under consideration.**

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 11-2, and
Hon. Colleen McMahon, Jury Charge, *United States v. Louis Cherico*, 08
Cr. 786 (S.D.N.Y. 2011).

**REQUEST NO. 12**

**<u>Venue</u>**

With respect any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  This requirement is called venue.  The Southern District of New York is the judicial district that includes Manhattan and the Bronx, as well as several other counties not relevant here.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

> *See* Sand, et al., *Modern Federal Jury* Instructions, Instr. 3-11; *Pinto-Thomaz*; *Stewart* I; *Chow*; *Riley*; *Martoma*; *Whitman*; *Gupta*.

**REQUEST NO. 13**

**Variance in Dates and Amounts**

The Indictment refers to various dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  Nor does it matter if the Indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.[22]

The Indictment refers to various dates and amounts.  I instruct you that in many circumstances, it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. In this case, however, the issue of when, if ever, the defendant came into possession of material, non-public information, is central to your task, and precise dates have been presented for your consideration. I therefore charge you that the government must prove

---

[22] The Government's language is an accurate statement of the law and is consistent with Instructions 3-12 and 3-13 in Sand, et al., *Modern Federal Jury Instructions.*  The elements of the substantive crimes have been clearly laid out in prior charges, and the additional language added by the defense is unduly confusing. In the context of this case, the standard instruction would be erroneous. This is because *precise dates,* and even precise times, are very much at issue here. The question of *when* Mr. Buyer learned certain things in relation to his trading is the central question of the case. If the Government's instruction is given, the jury would be able to convict Mr. Buyer based on approximate dates, when precise timing is crucial here. It would be one thing in, say, a drug case to have someone testify about transactions that occurred in or about a particular month, or on or about a particular day, but it is entirely different when the precise timing of a defendant's knowledge is at issue. The defense suggests that the instruction be eliminated altogether, or in the alternative, that our suggested language be used.

beyond a reasonable doubt that the Defendant received material nonpublic information, as I have defined those terms, in advance of all of the trades alleged in the Indictment.

It does not matter if the Indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount. If you find that the government has proven beyond a reasonable doubt that the Defendant received material nonpublic information before the trades at issue, then the law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

> *See* Sand, et al., *Modern Federal Jury Instructions*, Instrs. 3-11 and 3-13; *Stewart I*; *Chow*; *Riley*.

**WITNESSES**

**REQUEST NO. 14**

**Defendant's Testimony [or Defendant's Right Not to Testify]**

[*If the defendant testifies:*]  A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness.

[*If defendant does not testify and requests an instruction concerning his election not to do so:*]  The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.

A defendant is never required to prove that he or she is innocent.  Therefore, you must not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

> *See Pinto-Thomaz*; *Stewart* I; *Chow*; *Riley*; *Bonventre*; *see also United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006) (regarding instruction about defendant's testimony).

**REQUEST NO. 15**

**<u>Preparation of Witnesses</u>**

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

*See Pinto-Thomaz*; *Stewart* I; *Chow*; *Riley*; *Bonventre*.

**REQUEST NO. 16**

**Law Enforcement and Government Employee Witnesses**

You have heard the testimony of witnesses employed as law enforcement officials and of employees of various Government agencies or regulators.  The fact that a witness may be employed by federal or state agencies or regulators does not mean that his or her testimony is necessarily deserving of any more or any less consideration, or greater or lesser weight, than that of any other witness.  It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony whatever weight you find it deserves.

*See Stewart* I; *Chow.*

## REQUEST NO. 17

### Use of Evidence Obtained Pursuant to Lawful Search

You have heard testimony about evidence obtained after **lawful court-approved** searches of the defendant's phone, laptop, and iCloud, pursuant to search warrants signed by judges.  This evidence was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is **entirely**[23] lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Hon. Richard M. Berman, *United v. Orelien*, 20 Cr. 636 (RMB); the charge of the Hon. Richard M. Berman, *United States v. Atilla*, 15 Cr. 867 (RMB); the charge of the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN).

---

[23] **Unnecessary.**

- 41 -

## REQUEST NO. 18

### Uncalled Witnesses – Equally Available

### [If Applicable]

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

*See Stewart* I; *Chow*; *Bonventre*; *Riley*.

**REQUEST NO. 19**

**Expert Witnesses**

**[If applicable]**

In this case, I permitted certain witnesses to express opinions about certain matters that are at issue.  Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the witness's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert. Nor should you substitute the expert's opinion for your own reason, judgment, and common sense. The determination of the facts in this case rest solely with you.

*See Riley*; *Whitman.*

**REQUEST NO. 20**

**Non-Prosecution Agreement with Government Witness**

**[If applicable]**

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-9.

- 43 -

**OTHER EVIDENCE**

**REQUEST NO. 21**

**Summary Charts**

You have seen exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them. I decided to admit these charts and summaries in order to save time and to avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.[24]

See *Stewart* I; *Chow*; *Riley*; *Bonventre*.

---

[24] **This presupposes that the government will be offering summaries under Fed. R. Evid. 1006. If, on the other hand, it offers charts that summarize other evidence but are not admissible under Rule 1006, an additional instruction will be required to the effect that the charts themselves are not evidence. If that becomes an issue, the defense can propose an instruction for the Court.**

**REQUEST NO. 22**

**Stipulations of Testimony**

**[If applicable]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

*See Stewart* I; *Bonventre*.

**REQUEST NO. 23**

**Stipulations of Fact**

**[If applicable]**

In this case you have also heard evidence in the form of stipulations that contained facts that were agreed to be true.  In such instances, you must accept those facts as true.

*See Stewart* I; *Bonventre*.

**REQUEST NO. 24**

**Particular Investigative Techniques Not Required**

**[If applicable]**

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement, however, that the Government prove its case through any particular means. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether or not the Government has proven the guilt of the defendant beyond a reasonable doubt.

*See Stewart* I; *Chow*; *Bonventre.*

## REQUEST NO. 25

### <u>Defendant's Reputation</u>

### [If applicable]

The defendant has called witnesses who have testified to his good reputation in the community. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.[25]

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-14.

---

[25] **The Government further reserves the right to request additional language after the close of evidence, to "inform the jury of the purpose of purposes for which defendant's character evidence is admitted," or to argue that this request is not needed. *Id.* at 31. This applies to Request No. 25 as well as Request No. 26.**

## REQUEST NO. 26

### Opinion of Defendant's Character

### [If applicable]

The defendant has called witnesses who have given their opinion of his good character. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-15.

**REQUEST NO. 27**

**<u>Cross-Examination of Witness on Defendant's Character</u>**

**[If applicable]**

The prosecution asked certain questions on cross-examination of the defendant's character witness about specific acts supposedly committed by the defendant. I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witness was accurate in forming his opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-16.

## REQUEST NO. 28

### Impeachment of Reputation Testimony[26]

### [If applicable]

You have heard evidence that one of the witnesses who testified has the reputation of being an untruthful person.  Since you are the sole judges of the facts and the credibility of witnesses, you may consider this evidence in deciding whether or not to believe the witness whose reputation for truthfulness has been questioned, giving such reputation evidence whatever weight you deem appropriate.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-17.

---

[26] The Government submits that this instruction is unnecessary, duplicative of the general instructions on witness credibility, and risks confusing the jury.  The defense submits that this request, and Request No. 29, will only become relevant if such evidence is proffered and received at trial. If such testimony is elicited, then the appropriate instruction should be given.

- 51 -

**REQUEST NO. 29**

**Opinion as to Character of Witness to Impeach Another Witness's Credibility[27]**

**[If applicable]**

You have heard [name of witness] testify that in his opinion [name of other witness], one of the other witnesses who testified, is an untruthful person. Since you are the sole judges of the facts and the credibility of witnesses, you may consider such evidence in deciding whether or not to believe the witness whose character for truthfulness has been questioned, giving such character evidence whatever weight you deem appropriate.

*See* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-18.

---

[27] **The Government submits that this instruction is unnecessary, duplicative of the general instructions on witness credibility, and risks confusing the jury.**

**CONCLUSION**

In submitting these requests to charge, the parties respectfully reserve the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
       January 17, 2023

Respectfully submitted,

BUCKLEY LLP                              DAMIAN WILLIAMS
1133 Avenue of the Americas              United States Attorney for the
New York, NY 10036                       Southern District of New York

By: /s/_____         By: /s/_____
    Daniel R. Alonso                     Jordan Estes
    Henry W. Asbill                       Kiersten A. Fletcher
    Olivia A. Rauh                        Margaret Graham
    (212) 600-2340                        Assistant United States Attorneys
                                          (212) 637-2543/2238/2923

- 53 -